1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL E. SCOTT,

11          Plaintiff,                    No. 2:12-cv-2326 GGH P

12      vs.

13   TIM VIRGA,

14          Defendant.                    <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).  This case is before the undersigned pursuant to plaintiff's consent.  Doc. 3.

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

1

1 U.S.C. § 1915A(b)(1),(2).

2       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

4 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8 Cir. 1989); Franklin, 745 F.2d at 1227.

9       A complaint must contain more than a "formulaic recitation of the elements of a

10 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

11 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

12 "The pleading must contain something more...than...a statement of facts that merely creates a

13 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

14 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

15 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

16 v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A

17 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

18 the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

19       In reviewing a complaint under this standard, the court must accept as true the

20 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

21 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

22 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

23 1843 (1969).

24       As a preliminary matter the court notes that the complaint sent by plaintiff was a

25 photocopy and is extremely dark, making it quite difficult to ascertain the nature of the claims.

26 Doc. 1.  After reviewing the complaint and attached exhibits the court believes it understands the

1   allegations.  Regardless, plaintiff will be provided another opportunity to file an amended

2   complaint.

3          It appears that plaintiff is alleging a denial of access to the courts.  It seems that

4   the Ninth Circuit Court of Appeals denied plaintiff's petition for a rehearing on a denial of a

5   certificate of appealability and stated that no further filings would be accepted in the case.

6   Complaint at 17.  There was a lockdown at plaintiff's prison and plaintiff was unable to access

7   the law library to timely file an appeal to the United States Supreme Court.  Plaintiff's request to

8   the Supreme Court for an extension was denied as untimely.  Complaint at 46.  The underlying

9   case appears to be a writ of habeas corpus in the Northern District of California, Scott v. Felker,

10  No. 3:06-cv-1147 JSW.[1]  The complaint will be dismissed with leave to file an amended

11  complaint within 28 days of service of this order.  Plaintiff should file a complaint that is legible

12  and not a dark photocopy, so the court can read the substance of the claims.  In addition, plaintiff

13  should identify the specific defendants who allegedly violated his constitutional rights.[2]  Failure

14  to file an amended complaint will result in this action being dismissed.

15         Prisoners have a constitutional right to be afforded "a reasonably adequate

16  opportunity to present claimed violations of fundamental constitutional rights to the courts."

17  Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996).  This right applies to prisoners'

18  challenges to their convictions or sentences or conditions of confinement.  Id. at 354.  Prison

19  officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file

20  them."  Id. at 350.  To establish a claim for any violation of the right of access to the courts,

21  prisoners must prove an actual injury by showing that their efforts to pursue a non-frivolous

22  claim concerning their conviction or conditions of confinement has been hindered.  Id. at 350-55.

23

24         [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
    803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

25

26         [2] It is not clear if the only named defendant is the warden or if other defendants were
    named in the body of the complaint.

1    The Civil Rights Act under which this action was filed provides as follows:

2    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
3    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12           Moreover, supervisory personnel are generally not liable under § 1983 for the

13   actions of their employees under a theory of respondeat superior and, therefore, when a named

14   defendant holds a supervisorial position, the causal link between him and the claimed

15   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

16   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

17   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

18   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

19   Cir. 1982).

20           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

21   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

22   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

23   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

24   there is some affirmative link or connection between a defendant's actions and the claimed

25   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

26   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

4

1    vague and conclusory allegations of official participation in civil rights violations are not

2    sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3              In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4    order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5    amended complaint be complete in itself without reference to any prior pleading.  This is

6    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9    original complaint, each claim and the involvement of each defendant must be sufficiently

10   alleged.

11             In accordance with the above, IT IS HEREBY ORDERED that:

12             1.  Plaintiff's request for leave to proceed in forma pauperis (Doc. 5) is granted;

13             2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

15   § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the

16   Director of the California Department of Corrections and Rehabilitation filed concurrently

17   herewith; and

18             3.  The complaint is dismissed for the reasons discussed above, with leave to file

19   an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

20   file an amended complaint will result in this action being dismissed.

21   DATED: October 16, 2012

22

23                              /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

24   GGH: AB
     scot2326.b

25

26

5