UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. SCOTT,<br><br>  Plaintiff,<br><br>  v.<br><br>TIM VIRGA, et al.,<br><br>  Defendants. | No. 2:12-cv-2326 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The first amended complaint alleges that plaintiff was denied access to the courts due to a prison lockdown which prevented him from timely filing a petition for writ of certiorari with the United States Supreme Court challenging his conviction and sentence. Before the court is defendants' fully-briefed motion to dismiss. See ECF No. 19 (motion); ECF No. 28 (opposition); ECF No. 30 (reply). Defendants have also filed a request for judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. ECF No. 20. For the reasons given below, the undersigned recommends that defendant's motion to dismiss be granted in part and denied in part.

I.   Allegations of the First Amended Complaint

This case proceeds on the First Amended Complaint, ECF No.14, naming the Warden and various institutional personnel at California State Prison-Sacramento in their individual and

1

1  official capacities for denying plaintiff his First and Fourteenth Amendment rights of access to
2  the courts.  Following the denial of his federal habeas corpus petition by the United States District
3  Court for the Northern District of California and the denial of a certificate of appealability by the
4  Ninth Circuit Court of Appeals, plaintiff sought to petition the United States Supreme Court for a
5  writ of certiorari.  ECF No. 14 at 5-6.  This further legal challenge to his criminal conviction was
6  not frivolous according to plaintiff.  Id. at 9.  However, the prison unit in which plaintiff was
7  housed was placed on lockdown/modified program for an unspecified amount of time which
8  prevented plaintiff from visiting the law library in order to prepare his certiorari petition.  Id. at 7.
9  Plaintiff alleges that he had no involvement in the incidents that caused the lockdown.  Id. at 9.
10 Prison officials were aware of his upcoming court deadline due to the "inmate requests, CDCR
11 602 appeals, and written letters" that plaintiff filed.  Id.  Plaintiff further alleges that defendants
12 did not provide him with any alternative means to obtain law library access and that no paging
13 request forms were made available to him.  Id. at 8.  Later in his complaint, however, plaintiff
14 states that his "numerous request[s] for paging services were not being filled and that my legal
15 documents that I requested to be photocopied was [sic] not being returned."  Id. at 13.  As a
16 result, plaintiff was unable to timely file a certiorari petition with the United States Supreme
17 Court.  Id. at 10.  Plaintiff further alleges that he "will not be able to seek remedy or relief in a
18 future appeal to challenge his conviction and sentence… due to being time barred" in the United
19 States Supreme Court.  Id. at 11.

20        By way of relief, plaintiff seeks declaratory and injunctive relief which includes requiring
21 the law library to be equipped with "holding cages to accommodate no less than six individual
22 study holding cages for use by inmates on lock down or modified program with computer access
23 for each holding cage[] with adequate seating and lighting…."  ECF No. 14 at 17.  Plaintiff also
24 requests that all "lockdowns or modified program beyond 7 days require those inmates with court
25 deadlines [to] have physical access and paging services and that adequate staff be hired and
26 available to facilitate such services."  Id. at 18.  Plaintiff seeks additional compensatory and
27 punitive damages against defendants.  Id.
28 ////

II.     Legal Principles Governing Denial of Access to the Courts Claims

Under the First and Fourteenth Amendments to the Constitution, state inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Prisoners do not, however, have a constitutional right to a law library. Lewis, 518 U.S. at 350-51. Law libraries are just one means of assuring prisoners meaningful access to the courts. Id.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

To have standing to bring this claim, plaintiff must allege he suffered an actual injury. Lewis, 518 U.S. at 351; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994). To succeed, a prisoner must have been denied the necessary tools to litigate a nonfrivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 353 & n. 3. Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n. 12 (9th Cir. 1994). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted). The Ninth Circuit has emphasized that "[a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous." Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir. 1994). To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure

8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher v. Harbury, 536 U.S. at 417-18.

### III. Motion to Dismiss[1]

Defendants now move for dismissal on the ground that plaintiff did not suffer any actual injury as a result of the alleged denial of access to the law library as he did not have a non-frivolous claim on appeal. In fact, defendants point out that the first amended complaint does not identify, much less describe, the underlying claim in plaintiff's federal habeas petition that he sought to appeal. Additionally, defendants submit that plaintiff was actively litigating his federal habeas petition while his prison unit was on lockdown because he was able to file a Rule 60(b) motion in the federal district court. In support of their motion, defendants request that the Court take judicial notice of a number of documents from plaintiff's unsuccessful federal habeas action.

Based on the request, the court takes judicial notice that:

1. Plaintiff filed a federal habeas petition in the Northern District of California on February 2, 2006 in Case No. 3:06-01147-JSW. See ECF No. 20-1 at 2 (PACER print out of docket).

2. The federal district court denied the habeas petition on December 29, 2008. See ECF No. 20-1 at 5.

3. Plaintiff filed a notice of appeal and a motion for a certificate of appealability on February 11, 2009. See ECF No. 20-1 at 5.

4. The Ninth Circuit Court of Appeal denied a certificate of appealability on August 16, 2010. See ECF No. 20-1 at 6; ECF No. 20-3 at 2 (order from the court of appeal).

5. On August 27, 2010 plaintiff filed a petition for rehearing following the denial of a certificate of appealability. See Scott v. Felker, 09-16103 (Ninth Circuit Court of Appeal June 1, 2009) (electronic docket available at

---

[1] To the extent that defendants asserted that plaintiff violated Rule 11 of the Federal Rules of Civil Procedure by including false allegations in his first amended complaint, that allegation was withdrawn after counsel for defendants checked the Ninth Circuit docket in Case No. 09-10603. See ECF No. 30 at 5. Therefore, the court will disregard this argument.

4

1       https://ecf.ca9.uscourts.gov/cmecf/servlet/TransportRoom).

2     6. The Ninth Circuit Court of Appeal denied the petition for rehearing on November 1,

3       2010. See ECF No. 29, at 10 (order from the court of appeal).

4     7. Plaintiff filed a motion for relief from judgment in the federal district court on March

5       15, 2011. See ECF No. 20-2.

6     8. The district court denied the motion on April 4, 2011. See ECF No. 20-1 at 6.

Plaintiff opposes the instant motion to dismiss, and has attached five exhibits to his opposition. ECF No. 29 at 9-33. These exhibits included the Ninth Circuit order denying plaintiff's petition for rehearing as well as a letter from the Clerk of the United States Supreme Court explaining that plaintiff's request for an extension of time to file a certiorari petition was untimely. See ECF No. 29 at 10, 12. The bulk of the exhibits, however, concern the length and basis for the prison lockdown as well as plaintiff's administrative attempts to gain access to the prison law library during the lockdown. See ECF No. 29 at 14-33. None of these exhibits were included with the first amended complaint.

IV.     Standard of Review on a Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., (quoting C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

1  construe the pleading in the light most favorable to the party opposing the motion and resolve all
2  doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.
3  869 (1969). The court will "'presume that general allegations embrace those specific facts that
4  are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510
5  U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).
6  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
7  Haines v. Kerner, 404 U.S. 519, 520 (1972).

8      The court may consider facts established by exhibits attached to the complaint. Durning
9  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts
10  which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388
11  (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed
12  with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The
13  court need not accept legal conclusions "cast in the form of factual allegations." Western Mining
14  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

15      A pro se litigant is entitled to notice of the deficiencies in the complaint and an
16  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
17  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

18      V.    Analysis
19          A. Access to Courts Claim

20      As noted above, in order to state a claim for denial of access to the courts, plaintiff must
21  allege the loss of a non-frivolous or arguable underlying claim. Here plaintiff has completely
22  failed to articulate, much less establish, the loss of a nonfrivolous or arguable legal claim that
23  resulted from his lack of access to the prison law library. The mere ability to file a petition for
24  writ of certiorari with the United States Supreme Court is not what is protected by the First
25  Amendment, it is the right to pursue a colorable legal challenge to one's conviction or challenge
26  to the conditions of one's confinement. For this reason, defendants' motion to dismiss is granted.
27  Plaintiff is given leave to file a second amended complaint to cure the deficiencies noted herein.
28      To the extent that defendants argue that plaintiff failed to establish an actual injury

resulting from the denial of access to the law library due to his filing of a 60(b) motion in the Northern District of California, this extraordinary remedy is not a substitute for a petition for writ of certiorari.  Moreover, the timeframe in which plaintiff filed the 60(b) motion does not overlap the time in which plaintiff had to file his certiorari petition in the United States Supreme Court.  The 60(b) motion was filed more than one month after plaintiff's deadline to file the certiorari petition had expired.  Compare  ECF No. 20-2 with ECF No. 29 at 12.  Therefore, the court rejects this argument as an additional basis to dismiss plaintiff's first amended complaint.

### B. Equal Protection and Due Process

As additional grounds for dismissal, defendants argue that plaintiff has failed to adequately state a separate equal protection or due process claim for relief.  ECF No. 19-1 at 2.  However, the court is hard pressed to identify any claim beyond the denial of access to the courts claim originally identified in this court's October 17, 2012 screening order, ECF No. 6.  While plaintiff latches on to defendants' characterization of the first amended complaint as including these additional allegations, the court's independent review identifies no such additional claims.  The first amended complaint is completely devoid of any allegation of a race-based prison lockdown in violation of the equal protection clause.  Nor does the first amended complaint plead specific facts plausibly suggesting that plaintiff experienced any atypical and significant hardship in relation to the ordinary incidents of prison life as a result of the prison lockdown and modified program that give rise to a protected liberty interest.  Sandin  v. Conner, 515 U.S. 472, 480 (1995).  For these reasons, the motion to dismiss the due process and equal protection claims is denied as moot since no such claims are contained in the first amended complaint.

To the extent that plaintiff intended to include such additional claims in the first amended complaint, leave to amend will be granted.  Plaintiff is advised to clearly and separately identify each claim for relief in any second amended complaint.

### C. Eleventh Amendment Immunity

Defendants also contend that the Eleventh Amendment prohibits plaintiff from suing defendants in their official capacities.  ECF No. 19-1 at 10.  To the extent that plaintiff is seeking compensatory damages from defendants in their official capacities, defendants are correct.  See

Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). However, plaintiff is also seeking prospective relief which is not barred by the Eleventh Amendment. See Ex Parte Young, 209 U.S. 123 (1908). Qualified immunity is only an immunity from suit for damages, it is not an immunity from suit for declaratory or injunctive relief. See L.A. Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993); Am. Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir. 1991). Therefore, defendants' motion to dismiss is granted in part and denied in part. The motion is granted to the extent that the claim for compensatory damages is limited to defendants in their individual capacities. Plaintiff's request for declaratory and injunctive relief may proceed against defendants in their official capacities.

IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 19) is granted in part and denied in part for the reasons discussed herein;

2. Plaintiff's first amended complaint (ECF No. 14) is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of this order to file a second amended complaint that addresses the deficiencies as noted in this order. The failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed in its entirety.

DATED: December 17, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE