1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL E. SCOTT,                            No.  2:12-cv-2326 KJM AC P

12                    Plaintiff,

13         v.                                      ORDER

14    TIM VIRGA, et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Currently before the court is defendants' fully briefed motion to dismiss.  ECF

19    No. 48.

20    I.    Plaintiff's Allegations

21         This case proceeds on the second amended complaint.  ECF No. 38.  In the complaint,

22    plaintiff alleges that defendants Virga, Nappi, Hamad, Shannon, Williams, and Kostecky violated

23    his First and Fourteenth Amendment rights of access to the courts.  Id.  Following the denial of

24    his federal habeas corpus petition by the United States District Court for the Northern District of

25    California in case 3:06-cv-01147-JSW, and the denial of a certificate of appealability by the Ninth

26    Circuit Court of Appeals, plaintiff sought to petition the United States Supreme Court for a non-

27    frivolous writ of certiorari.  Id. at 4-56 ¶¶ 5, 7, 16.  However, during the time plaintiff was

28    attempting to prepare his petition for certiorari, the prison unit in which he was housed was

                                                  1

1    placed on lockdown/modified program which prevented him from visiting the law library to

2    access materials to complete his petition.  Id. at 4-5, ¶¶ 6-12.  Plaintiff had no involvement in the

3    incidents that caused the lockdown and prison officials were aware of his upcoming court

4    deadline due to the "Inmate Appeal forms, Inmate Request for Interview forms" and other

5    correspondence that plaintiff submitted advising them of that deadline.  Id. at 4, ¶¶ 6, 7.  There

6    were no alternative means to obtain law library access because the paging system was inadequate

7    and impossible to conduct legal research with.  Id., ¶ 8.  As a result, plaintiff was unable to timely

8    file a certiorari petition with the United States Supreme Court.  Id. at 5, ¶¶ 13, 14.

9           The issue plaintiff sought to appeal to the Supreme Court dealt with whether Crawford v.

10   Washington, 541 U.S. 36 (2004), applied to his case.  Id., ¶ 17.  In his federal habeas petition

11   plaintiff argued that his rights under the Confrontation Clause were violated because the out-of-

12   court statements that he was the murderer, made by three non-testifying witnesses, were admitted

13   into evidence through the testimony of Sergeant Louis Cruz.  Id. at 6, ¶ 18A.  Plaintiff claims that

14   because his conviction was not finalized until after the decision in Crawford was issued, the

15   district court was mistaken when it found that Crawford did not apply retroactively to his case.

16   Id. at 5, 13-15, ¶¶ 17, 18.

17          Plaintiff seeks declaratory relief, unspecified injunctive relief, and compensatory and

18   punitive damages against defendants.  Id. at 3, 8.

19   II.    Motion to Dismiss

20          A.     Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

21          In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

22   complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it

23   must contain factual allegations sufficient to "raise a right to relief above the speculative level."

24   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  "The pleading must

25   contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

26   legally cognizable right of action."  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and

27   Procedure § 1216, pp. 235-36 (3d ed. 2004)).  "[A] complaint must contain sufficient factual

28   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

2

1    556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

2    when the plaintiff pleads factual content that allows the court to draw the reasonable inference

3    that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

4         In considering a motion to dismiss, the court must accept as true the allegations of the

5    complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), and construe

6    the pleading in the light most favorable to the party opposing the motion and resolve all doubts in

7    the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421.  The court will "'presume that

8    general allegations embrace those specific facts that are necessary to support the claim.'"  Nat'l

9    Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of

10   Wildlife, 504 U.S. 555, 561 (1992)).  The court need not accept legal conclusions "cast in the

11   form of factual allegations."  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

12        B.     Legal Standard for Access to the Courts Claim

13        Under the First and Fourteenth Amendments to the Constitution, state inmates have a

14   fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346

15   (1996); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007), overruled on other grounds by Hust

16   v. Phillips, 555 U.S. 1150 (2009).  The right is limited to direct criminal appeals, habeas petitions,

17   and civil rights actions.  Lewis, 518 U.S. at 354.  Prisoners do not, however, have a constitutional

18   right to a law library.  Id., 518 U.S. at 350-51.  Law libraries are just one means of assuring

19   prisoners meaningful access to the courts.  Id.

20        Claims for denial of access to the courts may arise from the frustration or hindrance of "a

21   litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a

22   meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536

23   U.S. 403, 412-15 (2002).  For backward-looking claims, plaintiff "must show: 1) the loss of a

24   'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3)

25   a remedy that may be awarded as recompense but that is not otherwise available in a future suit."

26   Phillips, 477 F.3d at 1076 (citing Christopher, 536 U.S. at 413-14).

27        To have standing to bring this claim, plaintiff must allege he suffered an actual injury.

28   Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994).  To succeed, a

1   prisoner must have been denied the necessary tools to litigate a nonfrivolous claim attacking a

2   conviction, sentence, or conditions of confinement.  Christopher, 536 U.S. at 415; Lewis, 518

3   U.S. at 353 & n.3.  Plaintiff need not show that he would have been successful on the merits of

4   his claims, but only that they were not frivolous.  Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th

5   Cir. 1994).  "A claim is frivolous if it is without arguable merit either in law or fact."  Bilal v.

6   Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted).  The Ninth Circuit has

7   emphasized that "[a] prisoner need not show, ex post, that he would have been successful on the

8   merits had his claim been considered.  To hold otherwise would permit prison officials to

9   substitute their judgment for the courts' and to interfere with a prisoner's right to court access on

10  the chance that the prisoner's claim would eventually be deemed frivolous."  Allen, 48 F.3d at

11  1085.  To properly plead a denial of access to the courts claim, "the complaint should state the

12  underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being

13  independently pursued, and a like plain statement should describe any remedy available under the

14  access claim and presently unique to it."  Christopher, 536 U.S. at 417-18.

15         C.      Discussion

16         Defendants argue that the second amended complaint should be dismissed because

17  plaintiff has failed to adequately plead sufficient personal involvement by any of the defendants

18  in the violation of his constitutional rights and because plaintiff has failed to allege that

19  prohibiting access to the law library during a lockdown is a constitutional violation.  ECF No. 48-

20  1.

21             1. Personal Involvement

22         There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

23  causal connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode,

24  423 U.S. 362, 371 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  The second

25  amended complaint alleges only that plaintiff's constitutional rights were violated by "the

26  defendants" generically.  ECF No. 38.  Plaintiff does not, at any time, identify the specific acts of

27  any defendant.  Id.  However, the proposed third amended complaint, attached to plaintiff's

28  response to the motion to dismiss, demonstrates that plaintiff is capable of curing this deficiency

4

1    through amendment.  ECF No. 51 at 5-13.  Therefore, defendants' motion to dismiss will be

2    granted on the grounds that plaintiff has failed to allege sufficient personal involvement of the

3    defendants and plaintiff will be afforded an opportunity to file an amended complaint as set forth

4    below in Section III.

5                    2. Constitutional Violation

6           Defendants also argue that the second amended complaint should be dismissed because

7    plaintiff fails to allege facts that would show the lockdown was not reasonably related to

8    legitimate penological objectives.  ECF No. 48-1 at 5-6.  In support of their argument Defendants

9    rely on Fosselman v. Hidalgo, 1:11-cv-00575-AWI-MJS (PC), 2012 WL 484699, at *5 (E.D. Cal.

10   Feb. 14, 2012), in which the district court screened out the plaintiff's access to the courts claim

11   because the plaintiff had sufficiently meaningful access to the courts and alternatively did not

12   present any "evidence demonstrating why the program lock-down was instituted, or that it was

13   other than reasonably related  to legitimate penological objectives."  Id. at 6.  Fosselman is not

14   controlling, and even if it were, it is distinguishable from the instant case.

15          In Fosselman, the plaintiff alleged only that the lockdown "only affected prisoners of

16   Afrikan decent" and "caused many problems with the court" such as late filings.  Fosselman,

17   2012 WL 484699, at *2.  While plaintiff in this case does allege that he was included in the

18   lockdown or modified program based solely on his race, he also alleges that the paging system

19   was inadequate, that he requested to be moved to another section of the prison where he would be

20   allowed access to the law library, and that there is precedent for transferring inmates or escorting

21   inmates to the law library.  ECF No. 38 at 4-5, ¶¶ 6, 8, 10, 15.  In determining whether a prison

22   regulation affecting constitutional rights is reasonable, the policy must be analyzed under Turner

23   v. Safely, 482 U.S. 78 (1987).  The four factors that must be considered under Turner are (1)

24   whether there is a "'valid, rational connection' between the prison regulation and the legitimate

25   governmental interest;" (2) "whether there are alternative means of exercising the right that

26   remain open;" (3) the impact of accommodating the constitutional right; and (4) "the absence of

27   ready alternatives."  Id. at 89-90.  Even if the court assumes there was a rational connection

28   between the lockdown and a legitimate government interest, the additional allegations by plaintiff

                                                5

1   implicate the second and fourth <u>Turner</u> factors, and, if true, would indicate those factors weigh in

2   plaintiff's favor.  The court therefore finds that at the pleading stage, plaintiff has sufficiently

3   alleged the restrictions he was subject to were not reasonable and therefore violated his rights.

4          Defendants' argument that plaintiff's allegations regarding the adequacy of the paging

5   system are insufficient (ECF No. 52 at 2) is without merit.  Plaintiff alleges that "the paging

6   system is inadequate, and impossible to conduct legal research, find case law regarding his issues

7   without being able to check out the legal books."  "In reviewing a motion to dismiss pursuant to

8   Rule 12(b)(6), [the court] must accept as true all factual allegations in the complaint and draw all

9   reasonable inferences in favor of the nonmoving party."  <u>Retail Prop. Trust v. United Bhd. Of</u>

10  <u>Carpenters and Joinders of Am.</u>, 768 F.3d 938, 945 (9th Cir. 2014) (citing <u>Silvas v. E*Trade</u>

11  <u>Mortg. Corp.</u>, 514 F.3d 1001, 1003 (9th Cir. 2008)).  While additional facts regarding the

12  specifics of the paging system would no doubt be beneficial, the facts as currently alleged are

13  sufficient to support the reasonable inference that plaintiff is claiming that in order to conduct

14  legal research using the paging system, he must first have access to the legal books to know what

15  to request and that he cannot access the legal books without first going to the law library.

16         D.     Conclusion

17         Defendants' motion to dismiss will be granted on the grounds that plaintiff has failed to

18  allege sufficient personal involvement by the individual defendants.

19  III.   Leave to Amend

20         Plaintiff has included a proposed third amended complaint with his response to

21  defendants' motion to dismiss.  ECF No. 51 at 5-13.  Because deficiencies remain with respect to

22  the allegations against some defendants, the court will disregard the proposed third amended

23  complaint and plaintiff shall be given leave to file a third amended complaint to cure the

24  deficiencies.

25         If plaintiff chooses to file a third amended complaint, he must demonstrate how the

26  conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo</u>,

27  423 U.S. at 371.  Also, the complaint must allege in specific terms how each named defendant is

28  involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

1    link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v.

2    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "vague and conclusory allegations of

3    official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d

4    266, 268 (9th Cir. 1982) (citations omitted).  In other words, plaintiff must identify the specific

5    actions of each defendant, not simply make claims against "the defendants" generically.

6            Additionally, there is no respondeat superior liability under § 1983.  Taylor v List, 880

7    F.2d 1040, 1045 (9th Cir. 1989).  "A defendant may be held liable as a supervisor under § 1983

8    'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a

9    sufficient causal connection between the supervisor's wrongful conduct and the constitutional

10   violation.'"  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885

11   F.2d 642, 646 (9th Cir. 1989)).  Supervisory liability may also exist without any personal

12   participation if the official implemented "a policy so deficient that the policy itself is a

13   repudiation of the constitutional rights and is the moving force of the constitutional violation."

14   Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and internal

15   quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825

16   (1970).  Therefore, to the extent plaintiff seeks to bring claims against supervisors, he cannot

17   simply rely on their position as supervisors and must identify the actions taken by the individuals

18   that violated or led to the violation of his rights or identify the deficient policy the supervisor

19   implemented.

20           Finally, "inmates lack a separate constitutional entitlement to a specific prison grievance

21   procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855

22   F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance

23   procedure.")).  Accordingly, the prison grievance procedure does not confer any substantive

24   constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally

25   do not serve as a basis for liability under section 1983.  Id.; George v. Smith, 507 F.3d 605, 609

26   (7th Cir. 2007).  The Seventh Circuit has observed:

27            Only persons who cause or participate in the violations are
              responsible.   Ruling against a prisoner on an administrative
28            complaint does not cause or contribute to the violation.  A guard

1
2

> who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

3    George, 507 F.3d at 609-10.  However, because prison administrators cannot willfully turn a

4    blind eye to constitutional violations being committed by subordinates, an individual who denies

5    an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional

6    violation could potentially be subject to liability if the individual knew about an existing or

7    impending violation and failed to prevent it.  See e.g., Jett v. Penner, 439 F.3d 1091, 1098 (9th

8    Cir. 2006).  So, to the extent plaintiff seeks to bring claims against defendants based on their

9    involvement in the grievance process, he must allege sufficient facts to show that the individual

10   was aware of an ongoing violation of his rights and had the authority and opportunity to intervene

11   or take some other corrective action.

12        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

13   make his third amended complaint complete.  Local Rule 220 requires that an amended complaint

14   be complete in itself without reference to any prior pleading.  This is because, as a general rule,

15   "[t]he amended complaint supersedes the original, the latter being treated thereafter as non-

16   existent."  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa

17   Cnty., 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to

18   amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once

19   plaintiff files a third amended complaint, the previous pleading no longer serves any function in

20   the case.  Therefore, in a third amended complaint, as in an original complaint, each claim and the

21   involvement of each defendant must be sufficiently alleged.

22   IV.    Conclusion

23        For the reasons set forth above, defendants' motion to dismiss will be granted and plaintiff

24   shall be given leave to file a third amended complaint.

25        IT IS HEREBY ORDERED that:

26        1. Defendants' motion to dismiss (ECF No. 48) is granted on the grounds that plaintiff

27   has failed to allege sufficient personal involvement of the individual defendants and the second

28   amended complaint (ECF No. 38) is dismissed.

8

1      2.  Plaintiff is granted thirty days from the date of service of this order to file a third

2  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

3  of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the

4  docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff

5  must file an original and two copies of the third amended complaint; failure to file a third

6  amended complaint in accordance with this order will result in dismissal of this action.

7  DATED: September 9, 2015

8

ALLISON CLAIRE

9  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9