UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EARL SCOTT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TIM VIRGA, et al.,<br><br>　　　　Defendants. | No. 2:12-cv-2326 KJM AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's third amended complaint. ECF No. 59. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.　　Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

1

1  meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona,
2  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute
3  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490
4  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
5  has an arguable legal and factual basis. Id.

6       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
7  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
8  what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
9  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
10 However, in order to survive dismissal for failure to state a claim, a complaint must contain more
11 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
12 allegations sufficient "to raise a right to relief above the speculative level." Id. (citations
13 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that
14 merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)
15 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
16 ed. 2004)).

17       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
18 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
19 Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint
22 under this standard, the court must accept as true the allegations of the complaint in question,
23 Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
24 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
25 McKeithen, 395 U.S. 411, 421 (1969).

26    II.    Complaint

27       In the complaint, plaintiff alleges that defendants Virga, Hamad, and Shannon violated his
28 First and Fourteenth Amendment rights of access to the courts. ECF No. 59 at 8, ¶ 25.  Following

1  the denial of his federal habeas corpus petition by the United States District Court for the
2  Northern District of California in case 3:06-cv-01147-JSW, and the denial of a certificate of
3  appealability by the Ninth Circuit Court of Appeals, plaintiff sought to petition the United States
4  Supreme Court for a non-frivolous writ of certiorari.  Id. at 4, 6 ¶¶ 5, 7, 16.  However, during the
5  time plaintiff was attempting to prepare his petition for certiorari, the prison unit in which he was
6  housed was placed on lockdown/modified program which prevented him from visiting the law
7  library to access materials to complete his petition.  Id. at 4-5, ¶¶ 6-12.  Plaintiff had no
8  involvement in the incidents that caused the lockdown and prison officials were aware of his
9  upcoming court deadline due to the "Inmate Appeal forms, Inmate Request for Interview forms"
10 and other correspondence that plaintiff submitted advising them of that deadline.  Id. at 4, ¶¶ 6, 7.
11 There were no alternative means to obtain law library access because the paging system was
12 inadequate and impossible to conduct legal research with.  Id., ¶ 8.  As a result, plaintiff was
13 unable to timely file a certiorari petition with the United States Supreme Court.  Id. at 5, ¶¶ 13,
14 14.
15       Plaintiff alleges that as the warden, defendant Virga was responsible creating,
16 maintaining, and enforcing policies at the prison and he was also responsible for supervising and
17 training correctional officers and staff at the prison.  Id. at 6-7, ¶ 20.  Defendant Hamad was the
18 Supervisor of Academic Instructions, handled plaintiff's appeal, and had the authority to provide
19 plaintiff with adequate physical access to the law library and to address the deficiencies with the
20 paging service.  Id. at 7, ¶¶ 21, 22.  As a correctional captain, defendant Shannon was responsible
21 for setting inmate access to the library during the lockdown and could have provided that physical
22 access to the law library be granted upon verification of a court deadline.  Id. at 7-8, ¶ 23.
23       The issue plaintiff sought to appeal to the Supreme Court dealt with whether Crawford v.
24 Washington, 541 U.S. 36 (2004), applied to his case.  Id. at 6, ¶ 17.  In his federal habeas petition
25 plaintiff argued that his rights under the Confrontation Clause were violated because the out-of-
26 court statements that he was the murderer, made by three non-testifying witnesses, were admitted
27 into evidence through the testimony of Sergeant Louis Cruz.  Id. at 6, ¶ 19.  Plaintiff claims that
28 because his conviction was not finalized until after the decision in Crawford was issued, the

1  district court was mistaken when it found that Crawford did not apply retroactively to his case.
2  Id. at 6, ¶¶ 17, 18.

3  Plaintiff seeks declaratory relief, unspecified injunctive relief, and compensatory and
4  punitive damages against defendants. Id. at 3, 10.

5  III.     Claims for Which a Response Will Be Required

6  Under the First and Fourteenth Amendments to the Constitution, state inmates have a
7  "'fundamental constitutional right of access to the courts.'" Lewis v. Casey, 518 U.S. 343, 346
8  (1996) (quoting Bounds v. Smith, 430 U.S. 817 (1977)); Phillips v. Hust, 477 F.3d 1070, 1075
9  (9th Cir. 2007), overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009). The right
10  is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at
11  354. Prisoners do not, however, have a constitutional right to a law library. Id. at 350-51. Law
12  libraries are just one means of assuring prisoners meaningful access to the courts. Id.

13  Claims for denial of access to the courts may arise from the frustration or hindrance of "a
14  litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a
15  meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536
16  U.S. 403, 412-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a
17  'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3)
18  a remedy that may be awarded as recompense but that is not otherwise available in a future suit."
19  Phillips, 477 F.3d at 1076 (citing Christopher, 536 U.S. at 413-14).

20  To have standing to bring this claim, plaintiff must allege he suffered an actual injury.
21  Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994). To succeed, a
22  prisoner must have been denied the necessary tools to litigate a nonfrivolous claim attacking a
23  conviction, sentence, or conditions of confinement. Christopher, 536 U.S. at 415; Lewis, 518
24  U.S. at 353 & n.3. Plaintiff need not show that he would have been successful on the merits of
25  his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th
26  Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact."
27  Neitzke, 490 U.S. at 325. The Ninth Circuit has emphasized that "[a] prisoner need not show, ex
28  post, that he would have been successful on the merits had his claim been considered. To hold

4

otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous." <u>Allen</u>, 48 F.3d at 1085.  To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." <u>Christopher</u>, 536 U.S. at 417-18 (footnote omitted).

Plaintiff's allegations that defendant Hamad knew about his deadlines, was aware of his inability to access the law library and the deficiencies in the paging system, and had the authority to provide plaintiff with the access he needed, are sufficient to state a claim for relief.  The allegations that defendant Shannon was responsible for establishing the level of access inmates had to the library during the lockdown, could have provided that access would be granted upon verification of a court deadline, but did not do so even though there was precedent for such a provision, are also sufficient to state a claim for relief.  Defendants Hamad and Shannon will be required to respond to the third amended complaint.

IV.     <u>Failure to State a Claim</u>

In dismissing the second amended complaint, plaintiff was advised that there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or causal connection between a defendant's actions and the claimed deprivation.  <u>See</u> ECF No. 54 at 4 (citing <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  Plaintiff was also advised that there is no respondeat superior liability under § 1983 and that "vague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Id.</u> at 6-7 (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted)).  Plaintiff was also warned of the necessity for pleading personal involvement during the screening of his original complaint.  ECF No. 6 at 4.

The third amended complaint is primarily composed of allegations that plaintiff's constitutional rights were violated by "the defendants" generically.  ECF No. 59 at 3-6, 8-9.  With respect to defendant Virga, plaintiff alleges only that Virga was responsible for the prison's

1  policies and supervising and training employees. <u>Id.</u> at 6-7. Plaintiff does not, at any time,
2  identify any specific acts by Virga and Virga's inclusion in the complaint appears to be based
3  solely on his position as warden. <u>Id.</u> In light of plaintiff's continued failure to allege any specific
4  actions by Virga, the undersigned will recommend that the claims against defendant Virga be
5  dismissed without leave to amend.

6      V.    <u>No Leave to Amend</u>

7      For the reasons set forth above, the court finds that the complaint does not state
8  cognizable claims against defendant Virga. If the court finds that a complaint or claim should be
9  dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to
10 amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend
11 should be granted if it appears possible that the defects in the complaint could be corrected,
12 especially if a plaintiff is pro se. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103,
13 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and
14 some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint
15 could not be cured by amendment.") (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir.
16 1987)). However, if, after careful consideration, it is clear that a claim cannot be cured by
17 amendment, the Court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1005-06.

18     The undersigned finds that, as set forth above, plaintiff has failed to state a claim for relief
19 against defendant Virga. Moreover, despite guidance on the necessary pleading requirements and
20 notification of the defects in his previous complaints (ECF No. 6 at 4; ECF No. 54 at 4, 6-7),
21 plaintiff has still failed to allege any specific actions by defendant Virga. The court therefore
22 concludes that further amendment would be futile. "A district court may deny leave to amend
23 when amendment would be futile." <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013).

24     Accordingly, the undersigned recommends dismissing the claims against defendant Virga
25 without leave to amend. While leave to amend "shall be freely given when justice so requires,"
26 plaintiff has already been provided two opportunities to amend his complaint to correct
27 deficiencies. <u>See</u> Fed.R.Civ.P. 15(a)(2); <u>see also</u> ECF No. 6; ECF No. 54. Further leave to
28 amend is unwarranted and would likely be futile.

VI.   Summary

Plaintiff's request to proceed in forma pauperis is granted.

Defendants Hamad and Shannon will be required to respond to the third amended complaint.  It is being recommended that defendant Virga be dismissed without leave to amend because plaintiff has not explained what Virga did to violate his rights.  Being warden is not enough to make Virga responsible for a violation of plaintiff's rights by others.

In accordance with the above, IT IS HEREBY ORDERED that within thirty days of the filing of this order, defendants Hamad and Shannon must respond to the third amended complaint (ECF No. 59).

IT IS FURTHER RECOMMENDED that the claims against defendant Virga be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 28, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE